[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 22, 1993 at Seymour, Connecticut. The parties have resided in this State since that time. There are no minor children issue of the marriage.
The parties agreed at trial that the marriage had irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 5325-HHH
The Court has carefully considered the criteria set forth in § 46b-81, § 46b-82 and § 46b-62 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The parties were at issue over the payment of a MasterCard bill in the amount of approximately $6900. The wife wants the husband to pay 1/2 of this amount. However, she is not willing to share her 401(k) in the amount of approximately $11,800. with the plaintiff husband. The husband used his 401(k) for the purchase of furniture being retained by the wife.
The husband has agreed to quitclaim his interest in the real estate to the wife. This property has a negative equity.
The parties separated in 1995. The wife filed a separate tax return for 1995 claiming all the house deductions which resulted in a tax refund to her in the amount of $2200. The husband had to pay the IRS $1500. in additional taxes.
Both parties agreed the marriage had broken down irretrievably. The Court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
Real Estate
1. The husband shall quitclaim to the wife forthwith all his right, title and interest in and to the marital residence located at 29 Hull Street, Ansonia, Connecticut. The wife shall be responsible for the mortgage, taxes and insurance and shall indemnify and hold the plaintiff husband harmless therefore.
2. The wife shall make reasonable efforts to refinance the current mortgage to remove the husband's name from the mortgage within three years from date.
3. In the event the wife is unable to refinance the current mortgage, she shall immediately place the real estate on the market for sale. The defendant wife shall be solely responsible for any deficiency and shall be entitled to any profit. The Court shall retain jurisdiction over any issues arising from the refinancing and/or sale of the property. CT Page 5325-III
Alimony
1. Neither party shall pay alimony to the other.
Counsel Fees
Each party shall be responsible to pay their respective counsel fees.
Personal Property
1. The husband shall be entitled to the following:
a) kitchen table chairs
b) hutch
c) pasta bowls
d) reclining chair
e) gas grill
He shall remove said items within three weeks of date.
2. The wife shall be entitled to retain the remaining furnishings and furniture located in the marital residence and in her possession.
3. The husband shall retain sole possession of the 1996 Camaro and the 1965 Chevrolet Chevelle. The wife shall forthwith execute whatever documents are necessary to effectuate said transfer.
4. The wife shall retain sole possession of the 1990 Pontiac motor vehicle. The husband shall forthwith execute whatever documents are necessary to effectuate said transfer.
5. The wife shall retain her 401(k) plan at United Technology free and clear of any claim by the husband.
Debts
1. Within 10 (ten) months of date, the husband shall CT Page 5325-JJJ contribute the sum of $1,000. toward the debt accrued on the MasterCard-ATT. The wife shall be solely responsible for the balance due on said MasterCard and shall indemnify and hold the husband harmless from any liability thereon.
2. The wife shall be responsible for the balance due to the wife's grandmother and she shall indemnify and hold the husband harmless from any liability thereon.
Change of Name
1. The defendant is granted a change of name to: Carol S. Blake.
COPPETO, J.